NO. 07-06-0280-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 17, 2008

_____

JERRY WAYNE BANNISTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF HENDERSON COUNTY;

NO. 2005-0854CL2; HONORABLE NANCY ADAMS PERRYMAN, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

Appellant, Jerry Wayne Bannister, was convicted of possession of a controlled substance, to-wit: anabolic steroids,[1] and sentenced to 365 days confinement in the county

_____

[1]*See* Tex. Health & Safety Code Ann. § 481.117(b) (Vernon 1994).

jail and a fine of $1,000, with the period of confinement and $500 of the fine being suspended in favor of one year of community supervision. The controlled substance in question was found during a search of Appellant's residence, conducted pursuant to a search warrant issued on the basis of an affidavit from Kevin Hanes, an investigator with the Henderson County Sheriff's Office. By two issues, Appellant contends the trial court erred by (1) denying his request for a *Franks v. Delaware*[2] hearing concerning the truthfulness of allegations contained in Hanes's affidavit, and (2) overruling his motion to suppress. We reverse and remand.

By his second issue, Appellant maintains the affidavit in support of the search warrant in question was deficient under the Fourth and Fourteenth Amendments of the United States Constitution and Article 1, Section 9 of the Texas Constitution, in three particulars: (1) proximity of time, (2) possession by Appellant, and (3) connection to the place to be searched.

The affidavit, sworn to on May 4, 2005, reads in relevant part as follows:

1. THERE IS IN HENDERSON COUNTY, TEXAS, A SUSPECTED PLACE AND PREMISES DESCRIBED AND LOCATED AS FOLLOWS: [A description of the location and description of the property follows.] This residence is located in Trinidad, Henderson County, Texas. Also including any vehicles located at said residence.

---

[2]*Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed. 667 (1978).

2. THERE IS AT SAID SUSPECTED PLACE AND PREMISES PROPERTY CONCEALED AND KEPT IN VIOLATION OF THE LAWS OF TEXAS AND DESCRIBED AS FOLLOWS: Drug paraphernalia kept, prepared, or manufactured in violation of the laws of this State.

3. SAID SUSPECTED PERSONAL PROPERTY IS IN CHARGE OF AND CONTROLLED BY EACH OF THE FOLLOWING PERSONS: Jerry Bannister, a white male and/or Jennifer Bannister, a white female.

4. Affiant HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS:

Affiant is Kevin Hanes, an Investigator with the Henderson County Sheriff's Office and a certified peace officer. Affiant reviewed copies of photographs, which were secured by a search warrant on May 3, 2005, from CVS in Athens, Texas. Affiant knows Jerry Bannister and has been able to identity him in several pictures. Those pictures show Bannister with three different people helping them with what appears to be a device or apparatus, designed or adapted to be used illegally to inhale marijuana.

Affiant has previous experience and training in drug investigations and in apprehending individuals who use drugs including marijuana. Affiant believes from the pictures that the above-described apparatus is in fact a form of a marijuana pipe, which is drug paraphernalia. Affiant has also seen marijuana in his experience as a peace officer and that one of the pictures shows what Affiant believes to be marijuana in the hand of Bannister. Affiant has assisted in the execution of a number of search warrants, has interviewed a number of individuals who used marijuana and has arrested a number of people for the offense of possession of marijuana and possession of drug paraphernalia. Affiant knows from his experience individuals that have drug paraphernalia do not destroy the same after the marijuana is gone.

Affiant has attached to this affidavit photocopies of five of the photographs which Affiant has viewed. These copies are incorporated by reference in this affidavit. [Five photographs were attached. Four photographs depict three different individuals wearing what appears to be an oxygen mask with a pipe-like device attached. Those photographs appear to have been taken at

3

night. The fifth photograph (the relevance of which escapes this Court) depicts three individuals seated on two chairs. This photograph appears to have been taken during the daytime.]

In Affiant's experience individuals that have and maintain drug paraphernalia, take pride in the same and therefore do not want it destroyed. Affiant also know from his experience that paraphernalia is often stored or transported in vehicles.

Affiant believes the pictures he viewed were from the wedding reception of Bannister and Jennifer Bannister. Affiant has learned they were married on April 23, 2005. Affiant is familiar with the home of Bannister. The pictures Affiant has viewed are pictures taken of the home, carport and outbuildings of Jerry Bannister. Affiant has been to the above-described residence, carport and outbuildings and it is the same residence, carport and outbuildings where Jerry Bannister presently lives.

On this date, Affiant went by the above described residence, carport and outbuildings and saw that the wedding decorations are still present.

Affiant believes based upon his training and experience and the foregoing, that the smoking apparatus or paraphernalia will still be present at the residence, carport, outbuilding or vehicle(s) belonging to Jerry Bannister or his wife, Jennifer Bannister. Affiant knows such paraphernalia is against the law and requests a search warrant to search the above described residence, carport, and outbuildings for the same.

Probable cause to support the issuance of a search warrant exists where the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably *on the premises* to be searched *at the time the warrant is issued*. *Ramos v. State,* 934 S.W.2d 358, 363 (Tex.Crim.App. 1996); *Cassias v. State,* 719 S.W.2d 585, 587 (Tex.Crim.App. 1986) (emphasis added). When the facts and

4

circumstances within the knowledge of the affiant, arising from a reasonably trustworthy source, would warrant a person of reasonable caution to believe that the items of contraband or evidence of a crime may presently be found in a specified place, there is probable cause to issue a warrant to search that place. *Id.* A search warrant affidavit must be read in a common sense and realistic manner, and reasonable inferences may be drawn from the facts and circumstances contained within the four corners of the affidavit. *Id.* at 587-88.

We must decide whether under the totality of the circumstances the information contained in the affidavit is such as to provide a "substantial basis" to support the magistrate's finding that a cautious person would be warranted in the belief that drug paraphernalia would presently be found on the premises described. *Illinois v. Gates,* 462 U.S.213, 225-39,103 S.Ct. 2317, 2325-33, 76 L.Ed.2d 527 (1983).

*At the Time the Warrant Is Issued*

An affidavit that does not provide a substantial basis for a magistrate to conclude that the object of the search is presently located at the place to be searched, does not establish sufficient probable cause for the issuance of a search warrant. *Id.* The only information provided by the affidavit at issue concerning the temporal connection between the object of the search (drug paraphernalia) and the place to be searched (Appellant's residence) is the Affiant's belief that the pictures were from a wedding reception that Affiant believed occurred some twelve days prior to presentment of the affidavit to the magistrate.

5

However, the affidavit offers no support whatsoever for Affiant's conclusion that the photographs were from Appellant's wedding reception. Furthermore, assuming the photographs were from the wedding reception, the affidavit contains no statement as to when the wedding reception took place, nor does he postulate why he believes the paraphernalia would still be located at the place where the photographs were taken. In order to reach the conclusion the State supports, i.e. that the photographs were taken at Appellant's residence on or near the date Appellant was married (April 23rd), the magistrate would have to place inference upon inference just to conclude the events depicted occurred some twelve days prior. If you then inferred that the item depicted was contraband, and you assumed that Appellant stored the contraband on the premises depicted and that the contraband had not been removed, you might reach the conclusion that the object of the search was located on the premises to be searched at the time the warrant was issued. Such inference, upon inference, upon inference is not probable cause.

*Possession of Contraband by Appellant*

In the affidavit in question, Affiant makes the statement that "one of the pictures shows what Affiant believes to be marijuana in the hand of Bannister." Notwithstanding the fact that an examination of the photograph belies that position, there is nothing in the affidavit to support any conclusion that the apparatus depicted was used or intended for use in ingesting, inhaling, or otherwise introducing marijuana into the human body. *See*

6

Tex. Health & Safety Code Ann. § 481.002 (17)(L) (Vernon 2003). The Affiant's conclusion that the apparatus depicted is contraband is nothing more than mere suspicion. Without a connection to the use of a controlled substance, the assumption that the object depicted is a "smoking apparatus used or intended to be used to ingest marijuana" is non-existent.

*At the Place to be Searched*

Based upon "his experience," the Affiant posits that paraphernalia is "often stored or transported in vehicles." The affidavit says nothing about whether paraphernalia is also stored in residences, carports, or outbuildings; however, he reaches the conclusion that the smoking device depicted in the photographs "will still be present at the residence, carport, outbuilding, or vehicle(s) belonging to [Appellant] or his wife." This conclusion is based on pure conjecture both as to issue of storage and as to the continued storage in the same location over an extended period of time. As such, it fails to establish a reasonable basis upon which to conclude that drug paraphernalia could be found at Appellant's residence.

To conclude that the apparatus depicted was illegal drug paraphernalia and that the paraphernalia was stored at Appellant's residence at the time the warrant was issued, one would need to base inference upon inference upon inference. Such information might suffice to corroborate an informant's first hand tip, thus combining to establish probable cause; however, it does not by itself provide anything more than the Affiant's mere

7

suspicion that contraband might be found there. A search warrant issued upon such feeble premises provides no constitutional protection whatsoever.

Because the affidavit in question does not provide sufficient probable cause to justify the issuance of the warrant in question, Appellant's second issue is sustained. Disposition of Appellant's second issue pretermits consideration of his first issue.[3] Accordingly, the trial court's judgment is reversed and this cause is remanded for further proceedings consistent with this opinion.


Patrick A. Pirtle
Justice


Quinn, C.J., concurring.

Campbell, J., dissenting.


Do not publish.

_____

[3]Tex. R. App. P. 47.1.